## Lee v. Lee

*Forrest J. Mervine*, for libellant.

*Christie D. Shull* and *Everett Kent*, for respondent.

DAVIS, P. J., January 8, 1949.—The report of the master discloses that on October 8, 1948, he submitted

defendant's testimony to her for examination and signature; that defendant requested the privilege of taking the testimony with her for examination and promised to return it the following day; that the testimony was not returned and the master on October 14, 1948, wrote to defendant's counsel, Everett Kent, and on October 21, 1948, by registered mail requested defendant to return the testimony; that on October 23, 1948, defendant's counsel, Everett Kent, advised the master that defendant had examined the testimony and found 18 pages of errors but the testimony with corrections was not returned to the master at that time. On November 8, 1948, the master filed his report and appended thereto an unsigned transcript of the stenographer's notes of defendant's testimony.

When the report of the master was submitted to the court the clerk at the same time submitted the original transcript of testimony of defendant signed by defendant with 18 pages of corrections and a letter from the master stating that the original testimony and corrections had been received by him after he filed his report.

Since it is the universal practice in this court to have the testimony of witnesses in divorce actions signed by the witness unless the testimony has been taken by the official court reporter, we believe the matter can be disposed of most expeditiously by referring it back to the master. It would be unfair to plaintiff to allow the new matter to become a part of the record without affording him the opportunity to cross examine.

Therefore, we enter the following

### Order

And now, January 8, 1949, the case is referred back to the master for the purpose of allowing all parties to be heard in the matter involved, and to make supplemental return to this court.